IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00955-BNB

DONALD VINCENT IMBODEN, JR.,

     Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
MAJOR BUCHOLTZ - CDOC,
SGT. MONTOYA - CDOC, and
OFC. RANDY WATTERS - CDOC,

     Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Donald Vincent Imboden, Jr., is a prisoner in the custody of the

Colorado Department of Corrections and is currently incarcerated at the Crowley

County Correctional Facility in Olney Springs, Colorado.  He initiated the instant action

by filing *pro se* a civil rights complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C.

§ 1983.  Mr. Imboden has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe Mr. Imboden's filings liberally because he is

representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the

*pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, the

complaint will be dismissed for lack of subject matter jurisdiction.

Mr. Imboden asserts one claim for a violation of his Eighth Amendment right to

be free from cruel and unusual punishment.  He alleges that on December 10, 2009, the

supervisor of his inmate job ordered him to "dig a hole to repair a steamline" in Lyons, Colorado.  Complaint at 5.  He further asserts that "during this 'dig' Plaintiff was exposed to asbestos without the benefit of safety equipment normally used in procedures such as these." *Id.* at 4.  Mr. Imboden alleges that after his exposure to asbestos, he has "worried about his future health problems constantly.  He has suffered from insomnia as well as loss of weight and depression." *Id.* at 5.  As relief, Mr. Imboden seeks compensatory and punitive damages.

"The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from bodily harm." *See Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008).  However, not every injury suffered by a prison inmate gives rise to liability for a constitutional violation. *Id.*  In order to assert a cognizable claim under the Eighth Amendment, Mr. Imboden must allege that Defendants were deliberately indifferent to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Stated another way, Mr. Imboden must demonstrate both that the injury he suffered was sufficiently serious and that Defendants acted with deliberate indifference. *See Tafoya*, 516 F.3d at 916.

However, Mr. Imboden has not alleged facts indicating he has suffered any injury.  Although he asserts that he is worried about "future health problems" there is no indication that he is currently suffering from any health problems caused by his alleged exposure to asbestos.  The United States Constitution requires that a party seeking to invoke the jurisdiction of the federal courts must demonstrate that he has suffered some actual or threatened injury, that the injury was caused by the defendants, and that a

favorable judicial decision is likely to redress the injury.  *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982); *Hackford v. Babbitt*, 14 F.3d 1457, 1464 (10th Cir. 1994).  Because Mr. Imboden fails to demonstrate any actual or threatened injury as a result of his alleged exposure to asbestos, he lacks standing to assert claims concerning this incident.  *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1295-96 (10th Cir. 1980).  The complaint will be dismissed for lack of subject matter jurisdiction.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the complaint and the action are dismissed for lack of subject matter jurisdiction.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied with leave to re-file in the Tenth Circuit.

DATED at Denver, Colorado, this __29th__ day of ____May_____, 2012.

BY THE COURT:


____s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court